UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NAIMATULLAH NYAZEE, individually and on behalf of other similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:14-CV-01561-AGF |
| MBR MANAGEMENT CORP., | ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon Plaintiffs' Unopposed Motion to Approve Collective Action Settlement (Doc. No. 93) and Plaintiffs' Application for Fees and Costs (Doc. No. 94), which is also unopposed by Defendant. The Court will grant these motions, subject to a modification of the service payments to be awarded the named Plaintiffs.

### BACKGROUND

Plaintiffs in this FLSA collective action brought under 29 U.S.C. §216(b) are current and former pizza delivery drivers for Defendant MBR Management Corporation ("MBR"), which operates approximately 54 Domino's franchise stores in Missouri and Illinois. Named Plaintiff Nyazee initiated the action on September 11, 2014, claiming that MBR under-reimbursed its pizza delivery drivers for automobile maintenance expenses incurred delivering pizzas, which in turn cause Plaintiffs' net wages to fall below the federal

minimum wage. (Doc. No. 1.) MBR denies that its delivery drivers were not properly reimbursed and that they were not paid minimum wage. (Doc. No. 49.) On April 13, 2015, the parties filed a joint motion stipulating to conditional collective action certification. (Doc. No. 47.) A total of 140 individuals filed consents to join the lawsuit. (Doc. No. 93 at 45.) The parties exchanged discovery and negotiated a settlement during mediation on July 8, 2015, which was submitted to this Court for approval on October 24, 2015. (Doc. No. 93.)

## DISCUSSION

As an initial matter, the Court notes "that the law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *King v. Raineri Constr., LLC*, No. 4:14–CV–1828 (CEJ), 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015) (citing cases). In support of their motion for judicial approval, Plaintiffs direct the Court's attention to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). While *Lynn's Food Stores, Inc.* is not binding on this Court, the Eighth Circuit has relied on *Lynn's Food Stores*, including in *Copeland v. ABB, Inc.*, 521 F.3d 1010 (8th Cir. 2008). But neither that case nor the cases cited therein inform the Court whether it must evaluate and approve a private FLSA settlement, or whether such approval is a prerequisite for subsequent judicial enforcement of a private settlement. *See Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 131 (D.D.C. 2014) (discussing *Lynn's Food* and its progeny and finding that the issues addressed therein—whether an FLSA settlement is legally enforceable—"is distinct from whether a court must—or should—evaluate such a proposed settlement ex ante," and noting that "no binding case law in this Circuit requires a

district court to assess proposed FLSA settlements ex ante").

Nevertheless, because Plaintiffs have sought judicial approval of their proposed settlement and Defendant does not oppose Plaintiffs' motion, and because declining to review the settlement would leave the parties in an uncertain position, the Court will review the settlement's FLSA-related terms for fairness. *See King*, 2015 WL 631253, at *2 (reviewing settlement's FLSA-related terms, notwithstanding lack of clear requirement to do so); *Carrillo*, 51 F. Supp. 3d at 131 (same).

"A district court may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Williams v. BPV Mkt. Place Investors, L.L.C.*, No. 4:14-CV-1047 CAS, 2014 WL 5017934, at *1 (E.D. Mo. Oct. 7, 2014). Among the factors the court may consider in evaluating the settlement's fairness are "the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success with respect to any potential recovery." *Id.*

The Court must also assess the reasonableness of the plaintiffs' attorneys' fees. *Williams*, 2014 WL 5017934, at *2. "Attorney's fees in FLSA settlements are examined to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients." *King*, 2015 WL 631253, at *3 (citation omitted). "In a private FLSA action where the parties settled on the fee through negotiation, there is a greater range of reasonableness for approving attorney's fees." *Id.* (citation omitted).

In this case, the Court finds that, with a limited exception addressed below, the proposed settlement is fair and reasonable to all parties. The settlements are the product of bona fide disputes between the parties, and were reached after extensive discovery and mediation. The parties were represented by experienced counsel throughout the pendency of this case. The proposed settlement provides for a gross settlement amount, inclusive of attorneys' fees and costs. Net funds from the gross settlement amount are to be distributed to class members according to an equitable formula determined by class counsel, but which rests primarily on the total number of deliveries driven by each class member while an MBR employee.

The proposed gross settlement amount also includes "service awards" for named Plaintiffs beyond the regular disbursement due to them under the proposed formula. Plaintiffs suggest that the named Plaintiffs are entitled to this extra monetary award because of their guidance and assistance to Plaintiffs' counsel, their participation in mediation and all subsequent negotiations, and the benefit enjoyed by other class members as a result of their action. Plaintiffs do not provide, however, any itemized accounting of the hours spent by named Plaintiffs in pursuit of these claims. The proposed settlement agreement directs a $3,000 service award to Plaintiff Nyazee and a $2,000 service award to Plaintiff Johnson.

The Court finds the gross settlement amount to be fair and reasonable. However, the Court will reduce the service awards to named Plaintiffs. While courts do allow service awards (also called incentive payments) to named Plaintiffs, several courts have observed that such awards may create a problematic conflict of interest between the class as a whole and the named Plaintiffs tasked with acting as their fiduciaries. This concern is particularly

prevalent where, as here, the amount to be received by individual class members is quite small, and such amount is dwarfed significantly by the service awards proposed. In *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003), for example, the Ninth Circuit observed that while named plaintiffs may be eligible for reasonable incentive awards, "[i]f class representatives expect routinely to receive special awards in addition to their share of the recovery, they may be tempted to accept suboptimal settlements at the expense of the class members whose interests they are appointed to guard." *Id*. at 975 (quoting *Weseley v. Spear, Leeds & Kellogg*, 711 F. Supp. 713, 720 (E.D.N.Y. 1989)). *See also In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 571-72 (7th Cir. 1992) (upholding a district court's rejection of a proposed $10,000 award to a named plaintiff); *Plummer v. Chemical Bank*, 91 F.R.D. 434, 441–42 (S.D.N.Y. 1981) (stating that "where representative plaintiffs obtain more for themselves by settlement than they do for the class for whom they are obligated to act as fiduciaries, serious questions are raised as to the fairness of the settlement to the class"), *aff'd*, 668 F.2d 654 (2d Cir. 1982).

Thus, recognizing the minimal amounts to be received by class members and the lack of persuasive justification for expansive service awards, the Court will reduce the service award for each Plaintiff to $1,000. The balance of the proposed award shall be reapportioned to the general settlement fund which shall be distributed to all class members based on the procedure proposed.

The Court finds that the requested attorneys' fees are reasonable. Plaintiffs' counsel submitted affidavits describing counsel's considerable time billed for this lawsuit and detailing that the total billed fees are considerably higher than the amount stipulated in the

proposed settlement agreement. At the Court's request, Plaintiffs' counsel also submitted fee records. The Court finds that amount of attorneys' fees requested by Plaintiffs' counsel is in accordance with counsel's fee agreements and is reasonable, based on the amount of time and effort expended on this case, including researching and filing the claims, reviewing documents produced by the parties, and preparing for and engaging in mediation.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' Unopposed Motion to Approve Collective Action Settlement (Doc. No. 93) is **GRANTED**, subject to the reduction of the service awards to named Plaintiffs to $1,000 each.

**IT IS FURTHER ORDERED** and Plaintiffs' Application for Fees and Costs (Doc. No. 94) is **GRANTED**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of January, 2016.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE